DICKERSON *et al.*, Defendants in Error, v. CAMPBELL *et al.*, HEIRS OF HATTER, Plaintiffs in Error.

*Administrator's Deed.*—The deed of the administrator upon a sale of the land of a decedent under order of a Probate Court, does not pass any of the personal rights of the administrator to the land sold, but only the interest of the decedent.

*Equity—Notice.*—The clerk of a Circuit Court in which a suit for specific performance of a contract for the sale of land is pending, thereby has notice of the nature of the claim of plaintiff.

*Error to Howard Circuit Court.*

The facts are sufficiently stated in the opinion.

*Douglass & Hayden*, for plaintiffs in error.

I. If the defendant in error, or his heirs, now that he is dead, is entitled to any relief whatever (which is denied), it is not such as is declared by the judgment of the Circuit Court in the case. It is unquestionably true that the assignment of a land certificate, when so intended to operate by the parties, is a sufficient memorandum in writing to satisfy the statute of frauds and entitle the assignee to call for a conveyance of the land. (See Halsa v. Halsa, 8 Mo. 303.)

II. Howard is a *bona fide* purchaser of the land in controversy; and, by his purchase at a public judicial sale, without notice of the contract between Dickerson and Hatter, acquired a good title to the same, free from any lien or encumbrance that Dickerson might have had before the sale. The only testimony in the case in reference to notice is the admission of Howard that Dickerson proclaimed at the time of the sale that he claimed the land; but whether as vendee, mortgagee, or lessee, was not stated. (See Le Neve v. Le Neve, 2 L. C. in Eq., Pt. 1, p. 111–117; 1 Hill. Vend. & Pur. 408; 1 Sto. Eq., § 400; 4 Kent, 189; Bassett v. Nosworthy, 2 L. C. in Eq., Pt. 1, p. 76, and authorities referred to.)

III. Dickerson is estopped from asserting title to the land in controversy. He was administrator of Hatter's estate,

and, as such, privy in law to it; was a party to the proceedings instituted by a creditor in the Probate Court of Moniteau county to sell the land for payment of debts. He made the sale; reported it to the court; but did not, if he had any interest in the land, state in his affidavit to the report what his interest was, as required by art. 3, § 33, tit. Adm'n, R. C. 1855, p. 147. Howard became the purchaser at the price of $398. Dickerson received the purchase money and made Howard a deed. He did not resist the proceedings had in the Probate Court, and took no appeal from its judgment as he had the privilege of doing, and would have done had he felt himself aggrieved by it. The judgment rendered was binding upon him, and he has no right, in a collateral proceeding like the present, to disturb it. His acts throughout exhibit great inconsistency. He at one time has no title to the land; at another time he claims as mortgagee; and finally acts as auctioneer in the sale of the land, without making any legal claim to it whatever. If not guilty of fraud, he was guilty of the grossest negligence, and is not entitled to the aid of a court of equity. That he is estopped from claiming title to the land, and that the judgment rendered by the Circuit Court is wholly wrong, see 20 Mo. 460; Dickson v. Anderson, 9 Mo. 155; Taylor v. Zepp, 14 Mo. 482; 11 Mo. 118; Duchess of Kingston's case, 2 Smith's L. C. 507, and following.

IV. Dickerson was a creditor of Hatter's estate, and proved his demand against it, which was placed in the seventh class. The land was sold by order of the court for the payment of debts—for the payment of Dickerson's debts among others. He made the sale, received from Howard the purchase money, and appropriated to the payment of his own debt part of the money. Now, with what kind of conscience can he ask a court of equity to deprive Howard of both the money and the land? A court of equity certainly will not lend its aid to enforce the claim of a suitor who has exhibited such rapacity, and has been guilty of such fraud and gross neglect as is shown by the evidence in this case. Dickerson has no more

right to deprive Howard of the title acquired by him, or to question its validity, than a creditor under a deed of assignment, who has received his dividend, would have to question the validity of the deed of assignment; the principle in both cases is the same. As to this point, see Gatzwiller v. Jackson, 23 Mo. 173, 174; Adlum v. Yard, 1 Rawle, 163.

*G. T. White*, for defendants in error.

I. The cause being tried by the court without a jury, and no instructions asked, this court cannot interfere even where it is brought up by appeal. (See Kurlbaum v. Roepke, 27 Mo. 161.)

II. No exceptions were taken during the progress of the trial, as the statute requires; and there being no jury, a writ of error does not reach the question as to whether the court below erred in granting a new trial or not. (See R. C. 1855, p. 1264, § 27; Bancroft v. Browning, 27 Mo. 235; Davis v. Scripps, 2 Mo. 187; Little & Noecker v. Nelson, 8 Mo. 709; Fugate & Kelly v. Main, 9 Mo. 355; 8 Mo. 303.)

III. A purchaser is estopped from denying notice if he receive notice before he pays over the purchase money. (Wallace v. Wilson, 30 Mo. 335.)

Howard was notified of Dickerson's claim in two ways; either is sufficient:

1. In February, 1859, Dickerson filed his petition in the office of which Howard was clerk, asking the title of the land to be decreed to him, and Howard swore him to it. (1 Sto. Eq., § 405–6.)

2. In September following, at the time of the sale, Dickerson notified him that the land was his. (See Bartlett v. Glascock et al., 4 Mo. 62; Vaughan v. Tracy, 22 Mo. 415.)

If Howard had the hardihood to bid and buy in all the right, title and interest which Hatter, at the time of his death, had in the land (and this is all the administrator assumed to sell, as his report shows), after being twice notified by Dickerson that Hatter had no title, this should not divest.

Dickerson of his right. He could not appeal from the order of the Probate Court for the sale of Hatter's interest in the land.

BATES, Judge, delivered the opinion of the court.

This suit was brought by Dickerson against the widow and heirs of Hatter, deceased, on the 28th February, 1859.

The petition stated that the plaintiff had purchased of Hatter, in his life-time, certain land, and paid in full for the same, and that Hatter had, by writing, assigned to the plaintiff the receiver's duplicate receipt for the price of the land entered by him, to the plaintiff—no deed being then made for reason of inconvenience, and that no deed was ever made; and prayed a conveyance of the land to the plaintiff. Plaintiff was also administrator of Hatter's estate. After the suit was brought, Howard petitioned the Probate Court for the sale of the real estate of Hatter's estate, and the court ordered this real estate to be sold, and it was sold by the plaintiff as administrator of Hatter, and a deed made by him as such to Howard.

The plaintiff gave notice at the sale that he claimed the land as his own. Howard was also clerk of the Circuit Court in which this suit was brought. Howard appeared in this suit and was permitted to defend the same, and filed an answer denying the allegations of the petition.

The case was heard by the court below and determined in favor of the plaintiff, and judgment entered vesting the title in the plaintiff.

At the hearing, evidence was given to prove the allegations of the petition and of Howard's answer, and also to impeach the veracity of plaintiff's principal witness.

The record does not show any error committed by the Circuit Court. It was the best judge of the credibility of the plaintiff's witness, and there may be sufficient evidence to support the finding if the testimony of that witness be disregarded.

Howard had full notice not only that the plaintiff claimed

the land, but also (by means of the pendency of this suit in the court of which he was clerk) of the exact nature of his claim.

Plaintiff's deed, as administrator of Hatter, did not pass to Howard any of his personal rights in the land, but only such rights as the estate of Hatter had in it.

Judgment affirmed.   Judges Bay and Dryden concur.